MARY BURKHARDT, Respondent, v. LEO SCHOTT, Appellant.

### St. Louis Court of Appeals, May 12, 1903.

**Negligence: DAMAGES: CONTRIBUTORY NEGLIGENCE.** Where a suit is brought to recover damages for negligently felling a tree on a team and killing it, and the evidence shows that the defendant was at the place of danger and failed to exercise that degree of caution. which the law imposed upon him, to give the party driving the team timely warning to avoid injury to himself or team, a verdict for plaintiff, will not be disturbed, and the judgment will be affirmed.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*M. Arnold* for appellant.

(1) Appellant's demurrer to the evidence should have been sustained. According to respondent's own testimony, appellant was guilty of no negligence whatever; while respondent, fully aware of the danger, drove recklessly into it. Whittaker's Smith on Negligence, page 391, et seq. (2) Should it be insisted that appellant was guilty of negligence, certainly respondent was equally or more so, and in such cases there can be no recovery. Hogan v. Railway, 150 Mo. 36. (3) The instruction for respondent should not have been given, as there was no evidence to sustain it. McAtee v. Valandingham, 75 Mo. App. 45. (4) All the evidence shows a clear case of contributory negligence, and there can be no recovery. Eoff v. Clay, 9 Mo. App. 176; Easley v. Railroad, 113 Mo. 236; Hogan v. Railroad, 150 Mo. 36; Hill v. Drug Co., 140 Mo. 433.

*Frank Kelly* for respondent.

(1) Appellant was doing the work, knew how much earth he had excavated, how many roots he had cut, how large they were and how much the natural agencies holding the tree had been weakened, and did know, or could have known, when the tree became dangerous. Respondent's son, to have learned this, must have stopped his team at a safe distance, gone to the tree, ascertained its condition returned to his plow, and repeated this each round. This we are told respondent's son should have done to escape the charge of contributory negligence, and that while this appellant was in possession of all this information, he took no steps to warn the respondent's son, but is "guilty of no negligence whatever." (2) The question of contributory negligence was properly left to the jury, and its finding was against the appellant. Waltmyer v. Kansas City, 71 Mo. App. 358. (3) The trial court can not take a case from a jury because of contributory negligence of plaintiff, unless the probative effect of the entire evidence excludes every other reasonable inference. Linn v. Massillion Bridge Co., 78 Mo. App. 111.

BLAND, P. J.—In May, 1901, appellant and respondent owned adjoining lands, but within the same inclosure. They had agreed to build a partition fence. There was a dead tree fifty or sixty feet high on appellant's land six or eight feet from the line. To prevent the tree from falling on the partition fence when built, defendant dug it up and it fell over on plaintiff's land and upon her team, killing a horse and one mule. The suit is to recover the value of these animals.

1. The contention of appellant is that the respondent's evidence shows a clear case of contributory negligence on the part of the driver of respondent's team that was killed.

On the part of the respondent the evidence is that

her son, a young man twenty-three years of age, was plowing for her with the team and in making his rounds came near the dead tree; that he knew appellant and his son were digging at the tree with the intention of felling it and that it would fall sometime; that he did not go to the tree to see when it would probably fall; that he was not warned of the falling of the tree until it had started to fall and when his team was under it, and he had no time after the warning, to drive them out of the way of the tree before it fell upon them.

Joseph Beckel, a witness for respondent, testified that he was on the ground the evening the tree fell and that appellant told him he first saw the boy plowing at an old snag thirty or forty feet southwest of the tree just before it was ready to fall, but that he did not state that he warned the boy that the tree was about to fall.

Frank Amerine, a witness for respondent, testified that he saw the appellant the day of the accident; that appellant told him he was digging the tree and the boy was plowing; that when the tree was about ready to fall he looked up and saw the boy twenty-five or thirty yards off and told the boy "to hurry by, to drive fast and hurry by;" that he thought the boy had time to get by.

The evidence further shows that the appellant for sometime before the tree fell, knew that the boy was in the field plowing and as he made his rounds he came within range of the tree.

There was much countervailing evidence offered by the appellant. But we are not to deal with the weight of the evidence. Our province on this appeal is limited to the determination of whether or not respondent made out a prima facie case.

The evidence shows that the appellant was at the place of danger, in fact was causing the danger, by digging around the tree and severing its roots for the purpose of causing it to fall; that he did not know and could not know in what direction the tree would fall. He knew the boy was plowing and that in making his

rounds he and his team would on every round come within range of the tree should it fall and that they were exposed to danger of the tree falling. The boy could not both plow and watch appellant's progress in digging around the tree and ascertain for himself when it probably would fall. In these circumstances, he had a right, as he testified he did, to rely upon appellant to warn him when it became dangerous to drive past the tree and it was appellant's plain duty to have given this warning. The evidence of plaintiff conclusively shows that he failed to exercise that degree of caution which the law imposes upon him, to give the boy timely warning to prevent any injury to himself or the team. His failure to exercise ordinary care in this respect resulted in the killing of respondent's horse and mule, and the judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.